# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| -vs- ) | Case No. CR-24-316-R |
| ) | |
| **CHANG ZHANG,** ) | |
| ) | |
| **Defendant.** ) | |

## UNOPPOSED MOTION TO CONTINUE JURY TRIAL

**COMES NOW,** Defendant Chang Zhang, by and through Counsel Ed Blau, OBA #20626 and respectfully submits this Unopposed Motion to Continue Jury Trial. In support of this Motion, Ms. Zhang states as follows:

1. On August 7, 2024, the Federal Grand Jury returned an Indictment charging Ms. Zhang with one (1) count of Drug Conspiracy and one (1) count of Possession of Marijuana with Intent to Distribute; Aiding and Abetting. (Doc. 1).

2. On September 3, 2024, counsel entered their appearances, Ms. Zhang was arraigned as to the Indictment, and she was released on a $50,000 unsecured bond with conditions. (Docs. 3-8).

3. Two previous continuances have been requested by the Defense, and one previous continuance was requested jointly by the Defense and United States. (Docs. 17-19, 21-23, & 25-27).

4. This case is currently set on the May 2025, jury trial docket. (Doc. 27).

5. Defendant Zhang requests a continuance of the jury trial in order for Counsel

to continue his review of the voluminous discovery in this matter and discuss his findings with the Defendant, and to continue conversations with the government to reach a deal that is favorable to Ms. Zhang.

6. The Speedy Trial Act excludes any period of delay resulting from a continuance granted by the Court on the basis "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Any delay resulting from the requested continuance would be excludable under The Speedy Trial Act.[1]

7. Defendant Zhang has been advised as to this continuance motion and has no objection. The Defendant will be executing a Speedy Trial Waiver.

8. AUSA Elizabeth Bagwell was contacted regarding this continuance and has no objection to a short continuance.

9. Denial of a continuance of this matter would interfere with Defendant's right to counsel and competent representation, as it would deny the Defendant and/or her attorneys the reasonable time necessary for the effective preparation of trial for the Defendant in this matter even taking into consideration the exercise of due diligence. See 18 U.S.C. §3161(h)(7)(B)(iv).

10. The United States and the public do not stand to suffer any prejudice from any continuance of this matter from May 2025 until June 2025, whereas the Defendant may suffer substantial limitations in her right to counsel, her right to competent counsel, her right to prepare for and participate in her defense at trial, and her right to due process. As such, the

---

[1] As of April 28, 2025, 237 days have elapsed on the Speedy Trial Act clock.

interests of justice far outweigh any interest of the public in granting a continuance of the trial in this matter.

11. This motion is not made for purposes of delay, but to best serve the interests of justice, which entitle the Government and the Defendant to a fair trial and competent representation.

Based on the foregoing, the Defendant hereby moves this Court to continue the trial date from the May 2025 trial docket to the June 2025 trial docket or sometime thereafter.

Respectfully submitted,

s/ Ed Blau
EDWARD M. BLAU, OBA #20626
BLAU LAW FIRM, PLLC
101 Park Ave., Suite 600
Oklahoma City, OK 73102
Telephone: 405.232.2528
Facsimile: 405.232.2532
Email: edblau@blaulawfirm.com
*Attorney for the Defendant Zhang*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of April 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants appearing in this case.

*s/ Ed Blau*
EDWARD M. BLAU
Attorney for Defendant